UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROTHMAN FURNITURE STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-CV-848 CDP |
| ) | |
| EVEREST SOFTWARE, INC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Rothman Furniture Stores, Inc. entered into a contract to purchase software from defendant Everest Software, Inc. The contract contained an arbitration clause. After Everest failed to perform under the contract, Rothman filed this suit, alleging, among other things, negligent misrepresentation, fraudulent inducement, and unjust enrichment. Everest now moves to dismiss, or in the alternative to stay and compel arbitration. Rothman argues that the arbitration clause itself was the result of fraud. In particular, Rothman alleges that Everest fraudulently told it that the arbitration clause was "not important" and "not relevant" because Everest was fully committed to performing its obligations under the contract. I conclude that the dispute is subject to arbitration, because this allegation is not sufficient to show that the arbitration clause itself, as opposed to

the entire contract, was induced by fraud. I will therefore grant the motion to dismiss.

## Discussion

Contracts involving interstate commerce are subject to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*; *Pro Tech Industries, Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). Under a valid agreement to arbitrate, both parties must voluntarily consent to the agreement: "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Hudson v. ConAgra Poultry Co.*, 484 F.3d 496, 500 (8th Cir. 2007) (internal citations omitted). An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Because the FAA directs that arbitration agreements be treated like other contracts, they may be invalidated by defenses "such as fraud, duress, or unconscionability." *Rent-A-Center, Inc. v. Jackson*, 130 S.Ct. 2272, 2778 (2010). To determine whether a dispute must be arbitrated, rather than litigated, a court must determine whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of the agreement. *3M Co. v. Amtex Sec. Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008); *Lyster v. Ryan's Family Steak Houses*, 239 F.3d 943, 945 (8th Cir. 2001).

Everest argues that the arbitration provision covers the plaintiff's claims and that this case must be arbitrated. Rothman's complaint lists numerous things that it alleges Everest misrepresented, including that its software would meet Rothman's needs, that it would dedicate sufficient personnel to the job, that its product was fully tested and could easily be customized for Rothman, that its programmers were located in the United States, and that it had no plans to change its ownership. The complaint also alleges that Everest concealed that its product had over 600 bugs. With regard to the arbitration provision, the complaint alleges that Everest told Rothman that the arbitration provision was "not important" because Everest and its CEO were committed to the project, and that the arbitration clause was "not relevant" because Everest had a guaranteed track record and its people would assure that the project stayed on track, time and budget. Rothman argues that these representations about the arbitration clause mean that the clause itself was entered into as the result of fraud, and is therefore not valid.

In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), the Supreme Court held that although a claim that the entire contract was induced by fraud was an issue for an arbitrator, a claim that the arbitration clause itself was fraudulently induced was to be decided by the Court. *Id.* at 403-04; *see also Rent-*

3

*A-Center*, 130 S.Ct. at 2778 (*Prima Paint* requires that the alleged fraudulent inducement "be directed specifically to the agreement to arbitrate before the court will intervene"); *Buckeye Check Cashing, Inc. v. Keating*, 546 U.S. 440, 445-46 (2006). Thus, a district court may "consider a claim that a party was fraudulently induced to include an arbitration clause in a contract, but not a claim that an entire contract was the product of fraud." *Houlihan v. Offerman & Co.*, 31 F.3d 692, 695 (8th Cir. 1994). Here, Rothman alleges both fraud in the inducement of the contract as a whole and fraud in the inducement of the arbitration clause.

The parties have cited only one case where a court found that an arbitration agreement itself had been induced by fraud. In *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533 (5th Cir. 2003), the defendant misrepresented, to an illiterate plaintiff, that stand-alone arbitration agreements he was signing were loan or insurance documents. *Id*. at 538-39. This was sufficient to show fraudulent inducement of the arbitration agreements because the misrepresentation was directed specifically to the arbitration agreements, not to the other related contracts.

Here, Rothman alleges that the entire contract was induced by fraud, making the case very similar to *Prima Paint* itself. Although the complaint makes separate allegations that Everest misrepresented the arbitration clause, the

4

misrepresentations alleged are not that the clause itself did not mean what it said, or that Everest would not enforce it, or anything specifically related to the meaning or validity the arbitration clause. Instead, Everest essentially told Rothman that it did not need to worry about the clause because Everest intended to perform under the contract. This kind of misrepresentation goes to the entire contract, not to the arbitration clause itself. Had Everest performed under the contract, the arbitration clause would not have been important or relevant, because there would be no dispute. These statements are no different than all the other alleged misrepresentations, which are all to the effect that Everest could and would perform under the contract. If the arbitration clause was induced by fraud, so was the entire contract; if it was not, neither was the entire contract. Under *Prima Paint* this is a matter for the arbitrator to decide. I conclude that the arbitration clause is valid and covers this dispute.

Everest asks that I dismiss this case, or in the alternative, that I stay it and compel arbitration. Section 3 of the FAA provides that when claims are properly referable to arbitration, the Court shall, upon application of one of the parties, stay the trial of the action until arbitration is complete. 9 U.S.C. § 3. However, where all of the issues raised in the Complaint must be submitted to arbitration in accordance with a valid and enforceable arbitration agreement, most courts agree

that dismissal of the cause, rather than imposing a stay, is appropriate. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Emeronye v. CACI Int'l, Inc.*, 141 F. Supp. 2d 82, 88 (D.D.C. 2001); *Kalinski v. Robert W. Baird & Co., Inc.*, 184 F. Supp. 2d 944, 946-47 (D. Neb. 2002); *see also, e.g., Barker v. Golf U.S.A., Inc.*, 154 F.3d 788 (8th Cir. 1998) (affirming district court's dismissal of complaint on grounds that claims were properly subject to arbitration). The Eighth Circuit Court of appeals has not specifically addressed this issue. *See Precision Press, Inc. v. MLP U.S.A., Inc.*, 620 F.Supp.2d 981, 995-996 (N.D. Iowa 2009) (collecting cases and holding that the better rule is to stay rather than dismiss). Here all of the issues in the case are subject to arbitration, and there is nothing left for this court to do. I therefore conclude that it is appropriate to dismiss the case so the parties may proceed with arbitration, as no purpose would be served by staying the case instead. Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [#4] is granted.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2010.